## H. KENDALL *v.* E. G. GREEN.

[Abstract Kentucky Law Reporter Vol. 7—598.]

**Questions Adjudicated in Trial Court.**

When the trial court decides a cause its decision and judgment is conclusive of all matters between the parties which are included within the issues formed, even though the court does not expressly mention every issue involved.

APPEAL FROM KENTON CIRCUIT COURT.

March 23, 1886.

OPINION BY JUDGE RICHARDS:

The strength of the petition for a rehearing herein is fully presented in this averment, to wit: "We are sure the learned judge

has made a mistake in deducting the amount paid to the administratrix of Holton twice, first in charging it to Kendall with interest and then again, as he says, deducting it from the value of the land." If there was no mistake, then of course the calculation presented by the counsel in the petition for rehearing is not correct, and the premise failing the argument fails.

The statement in the opinion that there was no averment that Kendall had paid Green is not questioned. It is not questioned but that Kendall had to pay Green, and the effort is made to show that the sum which Kendall had to pay Green, with interest to the time Green got possession, would not equal the one-half of the value of the land at $70 per acre, This and the calculation made therein are undoubtedly correct, but by this calculation where is the one-half of the purchase-money paid by Green to Holton's administratrix deducted? To illustrate, suppose Green had possession of the land the day he got his deed, to wit, March 27, 1874, how would the account stand and how would the parties have settled?

Kendall would have owed Green one-half of $2,338.60, the sum paid by Green to Holton's administratrix, or $1,169.30. Now if Kendall had paid Green, Green would have had that much more money, and Kendall that much less, and that matter would have been settled. Then the land came to $4,920.56; one-half of this sum is $2,460.28; this sum less one-half of what Green had to pay Holton's administratrix, to wit, the one-half of $2,338.60 or $1,-169.30, which equals $1,290.98, is the sum which Green would have had to pay to Kendall. In other words Green could have $1,169.30, which Kendall had paid him, and the sum of $121.68 of his own money and have paid Kendall all that was due him, or if they had desired to settle the matter without any money passing from Kendall to Green it could have been settled by Green paying to Kendall the said sum of $121.68. Because half the value of the land, $2,460.28, minus the sum which Kendall was to pay Green, $1,169.30, minus the half that Green had to pay Holton's administratrix, to wit, $1,169.30, equals $121.68. Allowing, therefore, that Green got possession in March, 1877, the interest on what Kendall owed Green from March, 1874, to March, 1877, would be $207, which was then in excess of the balance due Kendall at that time, because $207 is greater than $121.68.

The calculation submitted allows Kendall to recover from Green, without paying Green what he was to pay. It is true that it is computed that Kendall must pay interest, but a debt is never discharged by the payment of the legal interest due upon it.

We see no necessity in excluding the opinion so as to decide whether the payment by Kendall was a condition precedent to his right to demand the profits or whether he would have been entitled by the payment. While it is not proper for this court to anticipate the conclusiveness of a judgment of the circuit court which it has affirmed, it is not improper to state that all final judgments are conclusive of the questions presented in the case, and if the question as to whether this payment was a conclusive precedent was presented by the record in that case it is as effectually determined as if it had been considered at length and so determined by express mention.

The petition for a rehearing and the petition for an extension of the opinion are both *overruled*.

*Collins & Fenley, for appellant.*

*O'Hara & Bryan, for appellee.*